PER CURIAM.*
Defendant Lomas Roubion, also known as Ahmand Muhammed, and Elleaner V. Eveque, also known as Elleaner Thompson, were indicted by an Orleans Parish Grand Jury for first degree murder, a violation of La.R.S. 14:30. A motion to sever was granted to Elleaner Eveque by the trial court. On February 11-13, 1980, defendant was tried before a twelve-person jury which found him guilty as charged and sentenced him to life imprisonment. Defendant now appeals on the basis of thirty assignments of error, seventeen of which are argued.
*692 Defendant was arrested, pursuant to a warrant, in Los Angeles, California, on December 20, 1978, was handcuffed, read his rights and transported to the local precinct. During the ride to the police station, defendant made an inculpatory statement regarding the events in New Orleans for which he was being arrested. In that statement, defendant recounted that he and the woman he was living with invited her ex-boy friend, Herman Norphard, to their apartment. When he arrived defendant stepped out and shot him eight times with a .25 caliber automatic pistol. Since the victim appeared to be still alive, defendant stabbed him three times in the chest with a fishing knife. Then he partially cut off the victim’s legs, stuffed the body in a trunk, put the trunk in a vehicle, and transported it to a road where he burned it.
The New Orleans Police were first notified of a homicide when they were called, on December 13, 1978 about 9:15 p.m., to the scene of a trash fire on Paris Road in Orleans Parish where the fire department “discovered the body of a male subject, bound beneath a black trunk.” The license number of a vehicle, which was seen in the area of the trash fire, was traced to Hilliard Carpenter. Carpenter, when contacted, admitted to lending the vehicle to defendant and “Lena” Eveque (the severed co-defendant) on December 12, 1978. The car was impounded by the police to check for blood. At trial, Carpenter testified that the car was returned about midnight of that same day.
On December 17,1978, Molly Woods notified the police that the trunk she had seen on the T.V. news broadcast of the incident looked like the trunk that she had loaned Roubion and Eveque earlier in December, 1981. She further reported that defendant had also asked to borrow a hacksaw and a hatchet. Furthermore, on December 16, 1978, defendant and Lena returned to Ms. Woods’ dwelling in an effort to explain the disappearance of the trunk. At that time, defendant made an inculpatory statement that he had killed Herman Norphard. Defendant related that he and Lena were nude when Herman walked through the door. They suspected that he would start something. When he didn’t, defendant shot him. Ms. Wood asked defendant, “Why did you do something like that?” Defendant responded that Norphard had to die; he should be dead. Later on, the defendant again returned to Ms. Woods’ place looking for an unnamed person. At that time he told Ms. Woods he was leaving on a 3:30 a.m. bus for Gardenia, California. The next morning Ms. Woods went to the police with this information.
On the basis of Ms. Woods’ information, the police obtained a search warrant for Roubion’s apartment. When they searched the apartment, on December 19, 1978 about 10:30 p.m., they found evidence of the reported foul play: a calendar with December 13 blacked out, a set of hacksaw blades, a double-brush carpet cleaner with blood, a small plastic bottle with an attached blood stained brush, a hacksaw handle in a plastic garbage pail, a pellet from the living room carpet and stained carpet and pads. After this search, an arrest warrant was issued for both Roubion and Elleaner Eveque.
When defendant was returned from Los Angeles he was taken to the third floor Detective Bureau of Central Lockup. Officer Richard LeBlanc testified that defendant was advised of his Miranda rights and booked. LeBlanc stated that no interrogation took place, but as he was filling out the rights of arrestee form, he asked defendant if he had anything to say. Defendant said, “No.” After the form was completed, defendant added that anything he said to the officer would put him in the electric chair.
In addition to the above events, there were two letters written by the defendant which were used as evidence at trial: one to Harry Connick and the other to Elleaner Eveque. The letter to Elleaner (Lena) stated that she was lucky to have a boyfriend who would kill for her. And the one to Connick asserted that the co-defendant was innocent because defendant had scared her into committing the offense with him.
Defendant presents thirty assignments of error, seventeen of which are argued. We *693 find that none of defendant’s assignments present reversible error, nor do any involve legal issues not governed by clearly applicable principles of law. Therefore, the assignments are treated in an appendix attached hereto which remains part of the public record of this Court but which is not for publication with this per curiam opinion.
Decree
Accordingly, the conviction and sentence of the defendant Lomas Roubion are affirmed.
AFFIRMED.

 Judges Patrick M. Schott, Lawrence A. Chehar-dy and Denis A. Barry of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices ad hoc, joined by Associate Justices Pascal F. Calogero, Jr., James L. Dennis, Jack Crozier Watson and Harry T. Lem-mon.